EBENEZER VINSON, MILLEY DORMAN AND SARAH SAUNDERS, three of the heirs at law of GEORGE VINSON, dec'd, a lunatic.

*vs.*

GEORGE H. VINSON, trustee, in the lifetime of GEORGE VINSON, of him the said GEORGE VINSON.

*Sussex, July T.* 1820.

Heirs at law of a deceased lunatic were admitted to except to the accounts of the trustee of the lunatic,—the attorney in fact of the trustee, who had acted for him and passed the accounts, being the administrator of the lunatic.

Under exceptions, the accounts of a trustee, although they have been passed by the Chancellor, are open to re-examination.

EXCEPTIONS TO ACCOUNTS OF TRUSTEE FOR A LUNATIC.— Joseph Betts had in the lifetime of George Vinson, a lunatic, acted as attorney in fact for the trustee, George H. Vinson. He had the management of the person and estate of the lunatic, and passed all the accounts. Upon the death of the lunatic, Betts took letters of administration upon his estate. Sundry trustee accounts had been filed in the Court of Chancery during the lifetime of the lunatic, all of which, except the last, had been passed by the Chancellor. The last account was presented at the March Term, 1820, and was directed by the Chancellor to be filed, with the following indorsement thereon, viz.: " March Term, 1820. This account is to remain open until " the next Term, with leave to the heirs of George Vinson, " to except to the accounts of the said Joseph Betts at any " time after the first day of May next, on or before which " time the whole of the vouchers are to be filed with the " Register by the said Joseph Betts."

The case came before the Chancellor at the ensuing July Term, upon exceptions filed to the account.

*Mr. Cooper* for Betts, suggested to the Court a doubt, whether the *heirs* of the lunatic could except to the account. He said that the personal representative was the proper party to contest the accounts; that the heirs at law can only look to the administrator, and if the administrator shall not do his duty, he, as administrator, will be responsible to them.

RIDGELY, CHANCELLOR.—This course of proceeding will be more convenient and less expensive to the parties than to force the heirs at law to have recourse to a bill in chancery. Betts was the attorney in fact, and was the accountant. He receives all the allowances made by the Court, and all the compensation made to the trustee enures to his benefit. He will hardly object to his own accounts. A bill in chancery filed by the heirs could not more effectually enable a correction of the accounts than will a revision in this mode. The form would be different but the effect the same, as to the adjustment. But the expense would be monstrous in comparison with the course now proposed by the exceptants. An inquiry can be made at the bar on these exceptions ; and as no practice has hitherto obtained in such cases, it seems best to adopt the mode now proposed by the heirs of the deceased lunatic. Besides, these accounts are not yet finally closed here. The entry at last Term contemplated giving the heirs an opportunity to re-consider, review and re-examine the accounts.

The Chancellor proceeded to hear the exceptions.